The People of the State of New York, Respondent, 
against
Kevin Williams, Appellant.




New York City Legal Aid Society (Andrea L. Bible, Esq.), for appellant.
District Attorney Richmond County (Morrie I. Kleinbart, Esq.), for respondent.

Appeal from an amended judgment of the Criminal Court of the City of New York, Richmond County (Raymond L. Rodriguez, J.), rendered September 24, 2014. The amended judgment imposed a sentence of incarceration of 30 days, upon a finding that defendant had not paid a fine of $300, imposed after his conviction by the Criminal Court (Mario F. Mattei, J.), rendered July 9, 2013, upon his plea of guilty, of aggravated unlicensed operation of a motor vehicle in the second degree.




ORDERED that the appeal is dismissed as abandoned.
On July 9, 2013, defendant pleaded guilty before Criminal Court Judge Mario F. Mattei, to aggravated unlicensed operation of a motor vehicle in the second degree (Vehicle and Traffic Law § 511 [2] [a] [iv]) and attempted unlawful fleeing a police officer in a motor vehicle in the third degree (Penal Law §§ 110.00, 270.25). Defendant, by counsel, waived prosecution by information. The court accepted the plea and imposed a $300 fine on the conviction of aggravated unlicensed operation of a motor vehicle in the second degree. The court informed defendant that if he did not pay the fine, he could go to jail for up to 30 days.
Defendant was subsequently arrested on new, unrelated charges. He appeared in Criminal Court on September 24, 2014. The court indicated that defendant had been told in court on July 9, 2013, that if he failed to pay the fine, he would be sentenced to 30 days of incarceration. As defendant had subsequently failed to pay the fine, the court (Raymond L. Rodriguez, J.) amended so much of the judgment as convicted defendant of aggravated unlicensed operation of a motor vehicle in the second degree by resentencing defendant thereon to 30 days of incarceration. It is undisputed that defendant has served that term of incarceration.
Defendant filed a notice of appeal from the amended judgment.
As defendant has appealed from the amended judgment of conviction, he can only seek [*2]review of issues raised by the amended judgment, which he has failed to do. Instead, defendant's brief on appeal raises issues that could only have been brought up by an appeal from the original judgment. However, defendant is foreclosed from challenging the propriety of the original judgment (see People v Sansone, 65 AD3d 636 [2009]; People v Trias, 50 AD3d 828 [2008]; People v Stevens, 51 Misc 3d 150[A], 2016 NY Slip Op 50840[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2016]; People v Kristich, 36 Misc 3d 158[A], 2012 NY Slip Op 51406[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2012]).
Accordingly, the appeal is dismissed as abandoned.
Pesce, P.J., Weston and Aliotta, JJ., concur. 
Decision Date: June 02, 2017